LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Blvd, Suite 310
Woodland Hills, California 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

LOS ANGELES CITY ATTORNEY'S OFFICE
Rebecca E. Hunter (SBN 271420)
rebecca.hunter@lacity.org
200 Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Tel:   (213) 978-6900
Fax:   (213) 978-8785

*Attorneys For Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROGER NIELSEN, SR.; BETH NIELSEN; and R.B.N. and R.J.N., minors, by and through their guardian *ad litem* Steffanie Haines; in each case individually and as successors in interest to Roger Nielsen, Jr., deceased,<br><br>                    Plaintiffs,<br><br>          v.<br><br>CITY OF LOS ANGELES and DOES 1-10, inclusive<br><br>                    Defendants. | CASE NO. 2:25-cv-12357-FMO-RAOx<br><br>**JOINT SCHEDULING CONFERENCE REPORT**<br><br><u>Date</u>: March 5, 2026<br><u>Time</u>: 10:00 a.m.<br><u>Location</u>: Courtroom 6D<br>            350 West First Street<br>            Los Angeles, CA 90012<br><br>**Operative Complaint:** December 30, 2025<br>**Responsive Pleading:** January 26, 2026<br>**Trial (Proposed):** July 13, 2027 |

# JOINT RULE 26(f) REPORT FOR THE SCHEDULING CONFERENCE

Pursuant to Local Rule 26-1, Federal Rule of Civil Procedure Rule 26(f), and this Court's Order, the parties hereby submit the following Joint Report. An early meeting was held on February 12, 2026 between counsel, Renee Masongsong of the Law Offices of Dale K. Galipo, counsel for Plaintiffs, and Rebecca Hunter for Defendant City of Los Angeles.

## A. BRIEF STATEMENT OF THE CASE

*1. Plaintiffs' Statement:*

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and California law. This case arises from the violation of various rights under the United States Constitution and California law in connection with the unjustified and unlawful use of force and restraint against decedent, Roger Nielsen, Jr. Plaintiffs bring state and federal causes of action for: (1) violations of 42 U.S.C. § 1983 and the Fourth Amendment, including unlawful Detention and Arrest, Excessive Force, and Denial of Medical Care; (2) interference with familial relations in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment; (3) Municipal Liability— Inadequate Training and Unconstitutional Custom, Practice, or Policy; (4) False Arrest/False Imprisonment; (5) Battery; (6) Negligence; and (7) Violation of Cal. Civil Code § 52.1

On September 16, 2025, Defendant Officers for the Los Angeles Police Department responded to a call for service in the 700 block of West Channel Street in the City of San Pedro. Upon arrival, Defendant Officers contacted Roger Nielsen, Jr. ("Decedent"). Without giving proper commands or warnings, Defendant Officers fired a 40-mm foam projectile launcher at Decedent, striking him in the upper torso area. Decedent then attempted to surrender to Defendant Officers and placed himself on the ground, face down. Defendant Officers used additional force and restraint while handcuffing and restraining Decedent in a prone position on the ground, causing Decedent further injuries, including significant head wounds. Decedent was eventually transported to the hospital, where he succumbed to his injuries and died.

At all relevant times, Decedent posed no threat to the safety of the officers or to the public. Decedent made no verbal threats to harm any person and was not armed with a gun or a knife. Defendant Officers' uses of force and restraint were unnecessary, unreasonable, contrary to basic police training, negligent, and excessive. As a result of the use of force and restraint against him, Decedent suffered significant physical injuries, physical and emotional pain and suffering, loss of enjoyment of life, and loss of life.

After the uses of force against Decedent, Defendant Officers did not timely summon medical care or permit medical personnel to treat Decedent. The delay of medical care to Decedent caused Decedent extreme physical and emotional pain and suffering, and was a contributing cause of Decedent's serious injuries.

*2. Defendant's Statement:*

On or about September 16, 2025, Officers responded to a call for service for an individual that posed a serious risk/threat of harm to individuals and/or himself. After Officers responded to the scene, decedent escalated his actions which posed a serious threat. A less-lethal 40-mm device was utilized and decedent continued to resist Officers' commands which required physical force to be used in response to take decedent into custody. A rescue ambulance arrived, treated and transported decedent to a hospital.

**B. SUBJECT MATTER JURISDICTION**

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**C. LEGAL ISSUES**

The following are among the principal issues raised by Plaintiffs' Complaint:
Plaintiffs' Position

a) Whether the involved officers unreasonably detained and arrested Decedent under the Fourth Amendment;

b) Whether the involved officers used excessive force and/or restraint against Decedent;

c) Whether the conduct of the involved officers interfered with Plaintiffs' right to a familial relationship with Decedent;

d) Whether the involved officers' conduct toward Decedent was malicious, oppressive, or in reckless disregard of his rights;

e) Whether the involved officers unreasonably denied medical care to Decedent under the Fourth Amendment;

f) Whether the Los Angeles Police Department has unconstitutional policies, practices, or customs that were the cause of Decedent's and Plaintiffs' injuries;

g) Whether the Los Angeles Police Department failed to adequately train its officers;

h) Whether the involved officers were negligent with respect to their handling of the situation, pre-shooting tactics, and the use of force

i) Whether Defendants violated the Bane Act; and

j) The nature and extent of Plaintiffs' and Decedent's damages, including wrongful death damages, survival damages, and punitive damages.

Defendant's Position

1. Whether Defendant Officers (currently DOE Defendants) lawfully detained and arrested decedent.

2. Whether Defendant Officers (currently DOE Defendants)'s use of force against decedent was unlawful and/or unreasonable under 42 U.S.C section 1983.

3. Whether Defendant Officers (currently DOE Defendants) denied decedent medical care under 42 U.S.C. section 1983.

4. Whether Defendant Officers (currently DOE Defendants) deprived Plaintiff's of substantive due process under 42 U.S.C. section 1983.

5. Whether Defendant City failed to train in violation of 42 U.S.C. section 1983.

6. Whether Defendant City had or maintained an unconstitutional custom or policy in violation of 42 U.S.C. section 1983.

7. Whether Defendant's action(s) rise to the level of false arrest/false imprisonment under California law.

8. Whether Defendant's action(s) rise to the level of battery under California law.

9. Whether Defendant was negligent.

10. Whether Defendant's action(s) violated the Bane Act.

11. Whether qualified immunity and/or other applicable immunities apply to preclude all claims against Defendant.

12. Whether other defenses apply to preclude claims against Defendant. Including, but not limited to, compliance with the California Government Code.

### D. PARTIES AND EVIDENCE

Plaintiff Roger Nielsen, Sr. is Decedent's father, Beth Nielsen is Decedent's stepmother, and Plaintiffs R.B.N. and R.J.N. are Decedent's natural children. Defendants are the City of Los Angeles and the involved City of Los Angeles police officers identified as Doe Defendants.

Other witnesses and/or individuals with information pertinent to this matter may become known throughout the discovery process, including hospital personnel.

Plaintiffs' alleged damages include survival damages, as they are successors in interest to Decedent, wrongful death damages, and punitive damages. Plaintiffs also seek statutory attorney's fees and costs.

<u>Defendant's Position</u>

At this early stage, the Defendant anticipates that witnesses will include the following:

1. Defendant, the responding Officers and all witnesses identified by them in their Initial Disclosures, any supplements thereto, and Defendant's responses to any discovery requests.

5

JOINT SCHEDULING CONFERENCE REPORT

2. Plaintiffs.

3. Decedent's medical providers.

4. Any expert witnesses that may be designated and/or used by either Plaintiff or Defendants, whose identities are currently unknown to Plaintiff or Defendant.

5. Other persons associated with Defendant City of Los Angeles and/or the LAPD, including any persons that the City of Los Angeles designates as a representative pursuant to FRCP 30(b)(6) c/o Defendant's counsel – Los Angeles City Attorney's Office.

6. Unknown/unidentified as yet individuals who may have percipient knowledge regarding the incident.

7. Defendant contends that the relevant documents will at the least include: 911 calls, use of force investigation documents; BWV/DICVS recordings; surrounding area surveillance/security video; hospital/medical records; POST Training materials.

**E. INSURANCE**

Defendant's Position
The City of Los Angeles is a self-insured entity.

**F. MAGISTRATE JUDGE**

The parties do not consent to a mutually agreeable magistrate judge from the court's Voluntary Consent List to preside over this action for all purposes, including trial.

**G. DISCOVERY PLAN**

The parties will exchange initial disclosures on or by March 19, 2026. There are no anticipated issues about discovery of electronically stored information. The Parties anticipate filing a stipulated protective order. The Parties propose a fact discovery cutoff date of **February 11, 2027**.

The Parties propose an Expert Disclosure date of **March 11, 2027**.

The Parties propose a Rebuttal Expert Disclosure date of **April 8, 2027**.

The Parties propose an expert discovery cut-off date of **May 4, 2027.**

All parties respectfully request that trial documents be due on or before **June 8, 2027**.

1. Plaintiffs

Plaintiffs anticipate promptly propounding written discovery on Defendants including a request for production seeking the materials pertaining to the investigation into this incident. Plaintiffs anticipate deposing the involved officers whose identities will become known through Defendants' initial disclosures. Plaintiffs may also depose EMTs, paramedics, and/or fire department personnel who arrived to provide medical attention to Decedent, as well as hospital personnel/treating physicians. Plaintiffs may also depose a person most knowledgeable regarding the Los Angeles Police Department's policies, procedures, and training pertaining to the use of force and restraint.

Subjects on which Plaintiffs claim discovery may be needed include: facts of the incident; officers' training; officers' prior uses of force, if any, including citizens' or internal complaints made against the officers; Los Angeles Police Department policies; the handling of evidence by Los Angeles Police Department employees; medical treatment provided to the decedent at the scene of the incident; and observations of the involved officers and other witnesses.

   i. Defendants

Defendant agrees that it will need to conduct written discovery and depositions. Additionally, a protective order will need to be submitted to assist with the discovery process. After written discovery is initiated, it is anticipated that depositions will be scheduled. It is Defendant's hope that depositions can be narrowed to no more than (10) depositions in this matter. However, the parties will need to confer on this further and likely conduct motion practice.

**H. MOTIONS**

As Plaintiffs' counsel indicated during the Parties' early meeting of counsel, Plaintiffs intend to file a motion or stipulation to amend the complaint to name the involved officers as individual defendants. Plaintiffs are hopeful that such amendment may be accomplished through stipulation.

All parties anticipate filing motions in limine if this matter proceeds to trial.

The parties expect to file discovery motions as needed or to seek Magistrate assistance via information discovery conference; pretrial motions in limine.

### I. CLASS ACTIONS

Counsel agree that this matter is not a class action.

### J. DISPOSITIVE MOTIONS

If any Motion for Summary Judgment is filed, Plaintiffs request a minimum of two weeks to file their opposition if not already provided by the Court.

Defendant anticipates summary judgment motion or motion for judgment on the pleadings.

### K. SETTLEMENT CONFERENCE/ ALTERNATIVE DISPUTE RESOLUTION (ADR)

The parties have not yet engaged in any settlement discussions or communications. The parties' preference is to engage in these discussions through private mediation.

### L. PRETRIAL CONFERENCE AND TRIAL

The parties propose a Pretrial Conference date of **June 22, 2027,** and a Trial date of **July 13, 2027**. Counsel for the Parties have met and conferred regarding the proposed trial date. Due to the trial calendars of counsel on both sides, the Parties have been unable to find an earlier proposed trial date.

### M. TRIAL ESTIMATE

The parties have requested trial by jury and estimate the length of the trial at approximately 5-7 days. Plaintiffs contemplate calling 10-15 witnesses, considering the number of officers on scene during this incident. Plaintiffs hope to narrow this down after conducting discovery. Defendants contemplate calling 5-7 witnesses in addition to the

witnesses Plaintiff intends on calling at trial. Due to the number of witnesses the parties intend to call, it is likely that the trial will exceed four court days.

### N. TRIAL COUNSEL

Dale K. Galipo will be lead trial counsel for the Plaintiffs' case.

Trial counsel for Defendants are Christian Bojorquez and Rebecca Hunter.

### O. INDEPENDENT EXPERT OR MASTER

Counsel agree that neither a discovery master, nor independent scientific expert are needed for this lawsuit.

### P. OTHER ISSUES

None at this time.

Respectfully Submitted,
DATED:  February 19, 2026          **The Law Offices of Dale K. Galipo**

By:  /s/ *Dale K. Galipo*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiffs

DATED:  February 19, 2026          **Los Angeles City Attorney's Office**

By:  /s/ *Rebecca E. Hunter*
Rebecca E. Hunter
Attorney for Defendant City of Los Angeles