# EXHIBIT B

Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ROGER NIELSEN, SR.; BETH NIELSEN; and R.B.N. and R.J.N., minors, by and through their guardian *ad litem* Steffanie Haines; in each case individually and as successors in interest to Roger Nielsen, Jr., deceased,

Plaintiffs,

vs.

CITY OF LOS ANGELES; NATHANIEL MURAD; LOGAN DUNLOP; CHRISTIAN CASTRO CARRERA; ESTEBAN COLUNGA; JOSE PINEDA; OFFICER SANDOVAL; ALEJANDRO GARCIA; ERNEST GWINN; CARLOS MENDOZA; and DOE 10, inclusive,

Defendants

Case No. 2:25-cv-12357-FMO-RAO

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1. Fourth Amendment—Detention and Arrest (42 U.S.C. §1983)
2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)
4. Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)
5. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)
6. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
7. False Arrest/False Imprisonment (wrongful death and survival)
8. Battery (wrongful death and survival)
9. Negligence (wrongful death and survival)
10. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**

_FIRST AMENDED COMPLAINT FOR DAMAGES

**FIRST AMENDED COMPLAINT FOR DAMAGES**

COME NOW Plaintiffs BETH NIELSEN; ROGER NIELSEN, SR.; R.B.N and R.J.N., by and through their guardian *ad litem* Steffanie Haines; in each case individually and as successors in interest to Roger Nielsen, Jr., deceased, for their First Amended Complaint against Defendants CITY OF LOS ANGELES; NATHANIEL MURAD, LOGAN DUNLOP, CHRISTIAN CASTRO CARRERA, ESTEBAN COLUNGA, JOSE PINEDA, OFFICER SANDOVAL, ALEJANDRO GARCIA, ERNEST GWINN, CARLOS MENDOZA, and DOE 10, inclusive, and hereby allege as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**INTRODUCTION**

3. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the use of excessive and unreasonable force against Plaintiffs' father and son, Roger Nielsen Jr. ("DECEDENT"), on September 16, 2025.

4. At all relevant times, DECEDENT was an individual residing in the City of San Pedro, California.

FIRST AMENDED COMPLAINT FOR DAMAGES

5.      Plaintiff ROGER NIELSEN, SR. is an individual residing in the City of Torrance, California and is the father of DECEDENT.  ROGER NIELSEN SR. sues both in his individual capacity as the father of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  ROGER NIELSEN SR. seeks both survival and wrongful death damages under federal and state law.

6.      Plaintiff BETH NIELSEN is an individual residing in the City of Torrance, California and is the stepmother of DECEDENT.  BETH NIELSEN sues both in her individual capacity as the stepmother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  BETH NIELSEN seeks both survival and wrongful death damages under federal and state law.

7.      Plaintiff R.B.N is an individual residing in the City of Apple Valley, California and is the natural minor daughter of DECEDENT.  Plaintiff R.B.N., by and through her guardian ad litem Steffanie Haines, sues both in her individual capacity as the natural child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. R.B.N seeks both survival and wrongful death damages under federal and state law.

8.      Plaintiff R.J.N. is an individual residing in the City of Apple Valley, California and is the natural minor son of DECEDENT.  Plaintiff R.J.N, by and through his guardian ad litem, Steffanie Haines, sues both in his individual capacity as the natural son of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. R.J.N. seeks both survival and wrongful death damages under federal and state law.

9.      At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be

-2-

sued.  CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles Police Department ("LAPD") and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants  NATHANIEL MURAD, LOGAN DUNLOP, CHRISTIAN CASTRO CARRERA, ESTEBAN COLUNGA, JOSE PINEDA, OFFICER SANDOVAL, ALEJANDRO GARCIA, ERNEST GWINN, CARLOS MENDOZA, and DOE 10.

10.    Defendant NATHANIEL MURAD is a police officer with the LAPD. At all relevant times, NATHANIEL MURAD was acting under color of law within the course and scope of his duties as an officer working for the LAPD. At all relevant times, NATHANIEL MURAD acted with complete authority and ratification of his principal, Defendant CITY.

11.    Defendant LOGAN DUNLOP is a police officer with the LAPD. At all relevant times, LOGAN DUNLOP was acting under color of law within the course and scope of his duties as an officer working for the LAPD. At all relevant times, LOGAN DUNLOP acted with complete authority and ratification of his principal, Defendant CITY.

12.    Defendant CHRISTIAN CASTRO CARRERA is a police officer with the LAPD. At all relevant times, CHRISTIAN CASTRO CARRERA was acting under color of law within the course and scope of his duties as an officer working for the LAPD. At all relevant times, CHRISTIAN CASTRO CARRERA acted with complete authority and ratification of his principal, Defendant CITY.

13.    Defendant ESTEBAN COLUNGA is a police officer with the LAPD. At all relevant times, ESTEBAN COLUNGA was acting under color of law within the course and scope of his duties as an officer working for the LAPD. At all

-3-

relevant times, ESTEBAN COLUNGA acted with complete authority and ratification of his principal, Defendant CITY.

14. Defendant JOSE PINEDA is a police officer with the LAPD. At all relevant times, JOSE PINEDA was acting under color of law within the course and scope of his duties as an officer working for the LAPD. At all relevant times, JOSE PINEDA acted with complete authority and ratification of his principal, Defendant CITY.

15. Defendant OFFICER SANDOVAL, Badge No. 46118, is a police officer with the LAPD. At all relevant times, OFFICER SANDOVAL was acting under color of law within the course and scope of his duties as an officer working for the LAPD. At all relevant times, OFFICER SANDOVAL acted with complete authority and ratification of his principal, Defendant CITY

16. Defendant ALEJANDRO GARCIA is a police officer with the LAPD. At all relevant times, ALEJANDRO GARCIA was acting under color of law within the course and scope of his duties as an officer working for the LAPD. At all relevant times, ALEJANDRO GARCIA acted with complete authority and ratification of his principal, Defendant CITY.

17. Defendant ERNEST GWINN is a police officer with the LAPD. At all relevant times, ERNEST GWINN was acting under color of law within the course and scope of his duties as an officer working for the LAPD. At all relevant times, ERNEST GWINN acted with complete authority and ratification of his principal, Defendant CITY.

18. Defendant CARLOS MENDOZA is and was a police officer and a supervisorial employee with the LAPD. At all relevant times, CARLOS MENDOZA was acting under color of law within the course and scope of his duties as an officer and supervisorial employee of the CITY. CARLOS MENDOZA was the supervisor on scene during the incident. At all relevant times, CARLOS

-4-

FIRST AMENDED COMPLAINT FOR DAMAGES

MENDOZA acted with complete authority and ratification of his principal, Defendant CITY.

19.    Defendant DOE 10 is and was a managerial, supervisorial, and policymaking employee of CITY, who was acting under color of law and within the course and scope of his duties as managerial, supervisorial, and policymaking employee of CITY.  DOE 10 was acting with the complete authority and ratification of his principal, Defendant CITY.

20.    Defendants NATHANIEL MURAD, LOGAN DUNLOP, CHRISTIAN CASTRO CARRERA, ESTEBAN COLUNGA, JOSE PINEDA, OFFICER SANDOVAL, ALEJANDRO GARCIA, ERNEST GWINN, AND CARLOS MENDOZA are hereinafter collectively referred to as "OFFICER DEFENDANTS."

21.    On information and belief, OFFICER DEFENDANTS and DOE 10 were residents of the City of Los Angeles.

22.    In doing the acts and failing and omitting to act as hereinafter described, OFFICER DEFENDANTS were acting on the implied and actual permission and consent of Defendants CITY and DOE 10.

23.    In doing the acts and failing and omitting to act as hereinafter described, OFFICER DEFENDANTS and DOE 10 were acting on the implied and actual permission and consent of the CITY.

24.    The true name and capacity, whether individual, corporate, association or otherwise of Defendant DOE 10, , is unknown to Plaintiffs, who as a result sues this Defendant by such fictitious name.  Plaintiffs will seek leave to amend this complaint to allege the true name and capacity of this Defendant when it has been ascertained.  DOE 10 is responsible in some manner for the conduct or liabilities alleged herein.

25.    At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

-5-

FIRST AMENDED COMPLAINT FOR DAMAGES

26.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

27.     OFFICER DEFENDANTS and DOE 10 are sued in their individual capacities.

28.     On or about October 14, 2025, pursuant to Government Code Section 910, Plaintiffs presented claims with the City of Los Angeles in full and timely compliance with the California Tort Claims Act.

29.     On or about November 6, 2025, the City of Los Angeles rejected Plaintiffs' claims pursuant to Government Code Sections 913 and 915.4.

30.     Plaintiffs' initial Complaint for Damages was timely filed on December 30, 2025.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

31.     Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs this Complaint with the same force and effect as if fully set forth herein.

32.     On September 16, 2025, OFFICER DEFENDANTS responded to a call for service in the 700 block of West Channel Street in the City of San Pedro. Upon arrival, OFFICER DEFENDANTS contacted DECEDENT. Without giving proper commands or warnings, NATHANIEL MURAD fired a 40-mm foam projectile launcher at DECEDENT, striking him in the upper torso area. DECEDENT then attempted to surrender to OFFICER DEFENDANTS and placed himself on the ground, face down. Thereafter, OFFICER DEFENDANTS used additional force and restraint while handcuffing and restraining DECEDENT in a prone position on the ground, causing DECEDENT further injuries, including significant head wounds.

-6-

FIRST AMENDED COMPLAINT FOR DAMAGES

DECEDENT was eventually transported to the hospital, where he succumbed to his injuries and died.

33.    At all relevant times, CARLOS MENDOZA was the supervisor on scene.

34.    At all relevant times, DECEDENT posed no threat to the safety of the officers or to the public. DECEDENT made no verbal threats to harm any person and was not armed with a gun or a knife.  OFFICER DEFENDANTS' uses of force and restraint were unnecessary, unreasonable, contrary to basic police training, negligent, and excessive. As a result of the use of force and restraint against him, DECEDENT suffered significant physical injuries, physical and emotional pain and suffering, loss of enjoyment of life, and loss of life.

35.    The actions of OFFICER DEFENDANTS were taken under color of state law and in the course and scope of their employment with the CITY.

36.    After the uses of force and restraint against DECEDENT, OFFICER DEFENDANTS did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's serious injuries.

37.    Plaintiffs were dependent on DECEDENT, to some extent, for the necessities of life.

38.    Plaintiffs R.B.N. and R.J.N. are DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT's interest in this action as the natural minor children of DECEDENT.

39.    Plaintiffs ROGER NIELSEN, SR. and BETH NIELSEN are also DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT's interest in this action as the natural father and stepmother of DECEDENT.

-7-

# FIRST CLAIM FOR RELIEF

## Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)

### (By R.B.N. and R.J.N. against OFFICER DEFENDANTS)

40.    Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

41.    OFFICER DEFENDANTS detained DECEDENT without reasonable suspicion and arrested him without probable cause.

42.    When NATHANIEL MURAD deployed the 40 mm sponge launcher against DECEDENT and then OFFICER DEFENDANTS restrained him in a prone position on the ground, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.  Further, the scope and manner of the detention and arrest was unreasonable.

43.    Each of OFFICER DEFENDANTS integrally participated and/or failed to intervene in this conduct. Each of OFFICER DEFENDANTS had a responsibility and realistic opportunity to intervene in the uses of force and restraint.

44.    At all relevant times, OFFICER DEFENDANTS were acting in the course and scope of their employment with the CITY and were acting under color of law.

45.    The conduct of OFFICER DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to OFFICER DEFENDANTS.

46.    As a result of their misconduct, OFFICER DEFENDANTS are liable for DECEDENT's injuries, either because they were integral participants in the

-8-

wrongful detention and arrest, or because they failed to intervene to prevent these violations.

47.     R.B.N. and R.J.N., by and through their guardian ad litem, bring this claim in each case as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights under this claim.  Plaintiffs also seek attorney's fees on this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)

(By R.B.N. and R.J.N. against OFFICER DEFENDANTS)

48.     Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

49.     NATHANIEL MURAD used excessive force against DECEDENT when he fired the 40 mm sponge launcher against him, and OFFICER DEFENDANTS used excessive force and restraint against DECEDENT when they restrained him in a prone position on the ground, and engaged in other undiscovered conduct.  Each of OFFICER DEFENDANTS integrally participated and/or failed to intervene in this conduct. Each of OFFICER DEFENDANTS had a responsibility and realistic opportunity to intervene in the uses of force and restraint. OFFICER DEFENDANTS' unjustified uses of force and restraint deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

50.     As a result of the foregoing uses of force and restraint, DECEDENT suffered physical injuries, pre-death pain and suffering, loss of enjoyment of life, loss of life, and loss of earning capacity.

FIRST AMENDED COMPLAINT FOR DAMAGES

51.   The uses of force and restraint were excessive and unreasonable, including because DECEDENT posed no threat to the safety of any person at the time of the shooting.  DECEDENT made no verbal threats to harm any person and was not armed with a gun or a knife.  Further, OFFICER DEFENDANTS' use of force and restraint violated their training and standard police officer training with regard to positional asphyxia and the use of force.

52.   The conduct of OFFICER DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to OFFICER DEFENDANTS.

53.   R.B.N. and R.J.N., by and through their guardian ad litem, bring this claim in each case as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights under this claim.  Plaintiffs also seek attorney's fees on this claim.

## THIRD CLAIM FOR RELIEF

### Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)

(By R.B.N. and R.J.N. against OFFICER DEFENDANTS)

54.    Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

55.   The denial of medical care by OFFICER DEFENDANTS after they used force and restraint against DECEDENT deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

56.     As a result of the foregoing, DECEDENT suffered physical injuries, pre-death pain and suffering, loss of enjoyment of life, loss of life, and loss of earning capacity.

57.     OFFICER DEFENDANTS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

58.     As a result of their misconduct, OFFICER DEFENDANTS are liable for DECEDENT's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.  Each of OFFICER DEFENDANTS had a responsibility and realistic opportunity to intervene in these violations.

59.     The conduct of OFFICER DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to OFFICER DEFENDANTS.

60.     R.B.N. and R.J.N., by and through their guardian ad litem, bring this claim in each case as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights under this claim.  Plaintiffs also seek attorney's fees on this claim.

**FOURTH CLAIM FOR RELIEF**

**Substantive Due Process (42 U.S.C. § 1983)**

(By all Plaintiffs against OFFICER DEFENDANTS)

61.     Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

FIRST AMENDED COMPLAINT FOR DAMAGES

62.     Plaintiffs ROGER NIELSEN, SR., and BETH NIELSEN had a cognizable interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' ROGER NIELSEN, SR.'s, and BETH NIELSEN's familial relationship with DECEDENT.  ROGER NIELSEN, SR. is DECEDENT's natural father.  BETH NIELSEN is DECEDENT's stepmother.  Both BETH NIELSEN and ROGER NIELSEN, SR., shared a close, familial relationship with DECEDENT and were both engaged in the day-to-day child-rearing of DECEDENT.

63.     Plaintiffs R.B.N. and R.J.N. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that deprive each of them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in their familial relationship with their father, DECEDENT. R.B.N. and R.J.N. shared a close, familial relationship with DECEDENT, and DECEDENT engaged in the day-to-day child-rearing of R.B.N. and R.J.N.

64.     The aforementioned actions of OFFICER DEFENDANTS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.  Further, OFFICER DEFENDANTS had time to deliberate before using force and restraint against DECEDENT.

65.     As a direct and proximate result of these actions, DECEDENT was injured, experienced pain and suffering, and eventually died.  OFFICER DEFENDANTS thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

FIRST AMENDED COMPLAINT FOR DAMAGES

66.     As a direct and proximate cause of the acts of OFFICER DEFENDANTS, Plaintiffs suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

67.     The conduct of OFFICER DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to OFFICER DEFENDANTS.

68.     All Plaintiffs seek wrongful death damages and attorney's fees under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(By all Plaintiffs against Defendants CITY and DOE 10)

69.     Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

70.     OFFICER DEFENDANTS acted under color of law.

71.     The acts of OFFICER DEFENDANTS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

72.     The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including the CITY's failure to train its officers with respect to the use of force, including the use of the 40 mm sponge launcher, and with respect to the risks of positional and restraint asphyxia.

73.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

-13-

FIRST AMENDED COMPLAINT FOR DAMAGES

74. The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiffs' rights by Defendants OFFICER DEFENDANTS; that is, Defendants' failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

75. On information and belief, CITY failed to train OFFICER DEFENDANTS properly and adequately, including with respect to the use of force and restraint, including the use of the 40 mm sponge launcher, and the risks of positional and/or restraint asphyxia.

76. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pre-death pain and suffering, loss of enjoyment of life, and death.

77. Accordingly, Defendants CITY and DOE 10 are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983 on this claim. Plaintiffs seek survival damages, wrongful death damages, and attorney's fees on this claim.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)

(By all Plaintiffs against Defendants CITY and DOE 10)

78. Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

79. OFFICER DEFENDANTS acted under color of law.

80. OFFICER DEFENDANTS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

-14-
FIRST AMENDED COMPLAINT FOR DAMAGES

81. On information and belief, OFFICER DEFENDANTS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

82. Defendants CITY and DOE 10, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive force and restraint;

(b) Providing inadequate training regarding the use of force, including the use of the 40 mm sponge launcher, and the risks of positional and/or restraint asphyxia;

(c) Employing and retaining as police officers individuals such as OFFICER DEFENDANTS, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force and restraint;

(d) Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including OFFICER DEFENDANTS, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, OFFICER DEFENDANTS;

(f) Failing to adequately discipline CITY police officers, including OFFICER DEFENDANTS, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

-15-

FIRST AMENDED COMPLAINT FOR DAMAGES

(g)     Announcing that unjustified uses of force and restraint are "within policy," including uses of force that were later determined in court to be unconstitutional;

(h)     Even where uses of force are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)     Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

83.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pre-death pain and suffering, loss of enjoyment of life, and death.

84.     Defendants CITY and DOE 10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

-16-

FIRST AMENDED COMPLAINT FOR DAMAGES

85. Accordingly, Defendants CITY and DOE 10 are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983. Plaintiffs seek survival damages, wrongful death damages, and attorney's fees on this claim.

### SEVENTH CLAIM FOR RELIEF

**False Arrest/False Imprisonment (wrongful death and survival)**

(By all Plaintiffs Against Defendants CITY and OFFICER DEFENDANTS)

86. Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

87. OFFICER DEFENDANTS intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  OFFICER DEFENDANTS detained DECEDENT without reasonable suspicion and arrested him without probable cause. Further, the scope and manner of the detention and arrest was unreasonable. DECEDENT did not knowingly or voluntarily consent to the detention and arrest.

88. OFFICER DEFENDANTS detained DECEDENT for an appreciable amount of time, including while they deployed the 40 mm sponge launcher against him, restrained him, and handcuffed him.

89. As a direct and proximate result of the conduct of OFFICER DEFENDANTS and as alleged above, DECEDENT sustained physical injuries, died from his injuries, and lost his earning capacity.  Also as a direct and proximate result of the conduct of OFFICER DEFENDANTS as alleged above, DECEDENT suffered pre-death pain and suffering and survival damages pursuant to Code of Civil Procedure Section 377.34.

90. At all relevant times, OFFICER DEFENDANTS were acting in the course and scope of their employment with the CITY.

FIRST AMENDED COMPLAINT FOR DAMAGES

91.     CITY is vicariously liable for the wrongful acts of OFFICER DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

92.     The conduct of OFFICER DEFENDANTS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages as to OFFICER DEFENDANTS.

93.     Plaintiffs bring this claim individually and as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure. Plaintiffs seek both survival and wrongful death damages for the violation of DECEDENT's rights, including damages for DECEDENT's pre-death pain and suffering and loss of life, under this claim. *See* California Assembly Bill 447. Plaintiffs also seek attorney's fees.

## EIGHTH CLAIM FOR RELIEF

### Battery (Wrongful Death and Survival)

(By all Plaintiffs against Defendants CITY and OFFICER DEFENDANTS)

94.     Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

95.     NATHANIEL MURAD, while acting within the course and scope of their duties and employment with the CITY, intentionally deployed a 40 mm sponge launcher to DECEDENT's torso area, and OFFICER DEFENDANT thereinafter restrained him in a prone position on the ground after he surrendered, and engaged in other undiscovered conduct.  The foregoing conduct constitutes unreasonable and excessive force against DECEDENT.  At the time of the uses of force and restraint

-18-

FIRST AMENDED COMPLAINT FOR DAMAGES

against him, DECEDENT was not armed with a gun or a knife, he made no verbal threats to harm any person, and he posed no threat to the safety of any person.

96.    OFFICER DEFENDANTS had no legal justification for using force and restraint against DECEDENT, and their use of force while carrying out their duties as police officers was an unreasonable and nonprivileged use of force. DECEDENT did not consent to the uses of force.

97.    As a direct and proximate result of the conduct of OFFICER DEFENDANTS and as alleged above, DECEDENT sustained physical injuries, died from his injuries, and lost his earning capacity.  Also as a direct and proximate result of the conduct of OFFICER DEFENDANTS as alleged above, DECEDENT suffered pre-death pain and suffering and survival damages pursuant to Code of Civil Procedure Section 377.34.

98.    At all relevant times, OFFICER DEFENDANTS were acting in the course and scope of their employment with the CITY.

99.    CITY is vicariously liable for the wrongful acts of OFFICER DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

100.    The conduct of OFFICER DEFENDANTS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages as to OFFICER DEFENDANTS.

101.    Plaintiffs bring this claim individually and as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure. Plaintiffs seek both survival and wrongful death damages for the violation of DECEDENT's rights, including damages for DECEDENT's pre-death

FIRST AMENDED COMPLAINT FOR DAMAGES

pain and suffering and loss of life, under this claim. *See* California Assembly Bill 447. Plaintiffs also seek attorney's fees.

### NINTH CLAIM FOR RELIEF

**Negligence (Wrongful Death and Survival)**

(By all Plaintiffs against all Defendants)

102. Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

103. Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary.

104. OFFICER DEFENDANTS breached this duty of care by using negligent force against DECEDENT and engaging in pre-shooting negligent tactics. Upon information and belief, the actions and inactions of OFFICER DEFENDANTS were negligent and reckless, including but not limited to:

(a)    the failure to properly and adequately assess the need to use any force against DECEDENT;

(b)    the negligent tactics and handling of the situation with DECEDENT;

(c)    the negligent detention, arrest, and use of force against DECEDENT, including deploying a 40 mm sponge launcher to DECEDENT's torso area and using unnecessary force and restraint to detain and arrest DECEDENT;

(d)    the failure to provide prompt medical care to DECEDENT;

(e)    the failure to properly train and supervise employees, both professional and non-professional, including OFFICER DEFENDANTS, particularly with regard to the use of the 40 mm sponge launcher and the risks of positional restraint;

-20-

FIRST AMENDED COMPLAINT FOR DAMAGES

(f)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT.

105.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer pre-death pain and suffering and ultimately died.

106.   At all relevant times, OFFICER DEFENDANTS were acting in the course and scope of their employment with the CITY.

107.   CITY is vicariously liable for the wrongful acts of OFFICER DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

108.   Plaintiffs bring this claim individually and as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure. Plaintiffs seek both survival and wrongful death damages for the violation of DECEDENT's rights, including damages for DECEDENT's pre-death pain and suffering and loss of life, under this claim. *See* California Assembly Bill 447. Plaintiffs also seek attorney's fees.

**TENTH CLAIM FOR RELIEF**

**(Violation of Cal. Civil Code § 52.1)**

(By all Plaintiffs against Defendants CITY and OFFICER DEFENDANTS)

109.   Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

FIRST AMENDED COMPLAINT FOR DAMAGES

110.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

111.   OFFICER DEFENDANTS acted with a specific intent to interfere with DECEDENT's constitutional rights when they deployed the 40 mm sponge launcher against DECEDENT and used unnecessary force and restraint to arrest him when he was in a prone position on the ground.  This specific intent is established by evidence showing that OFFICER DEFENDANTS acted with reckless disregard for DECEDENT's constitutional rights.

112.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by OFFICER DEFENDANTS were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights. Defendants thus successfully interfered with the above civil rights of DECEDENT and Plaintiffs.

113.   The conduct of Defendants was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

114.   At all relevant times, OFFICER DEFENDANTS were acting in the course and scope of their employment with the CITY.CITY is vicariously liable for the wrongful acts of OFFICER DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

105.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to OFFICER DEFENDANTS.

-22-

FIRST AMENDED COMPLAINT FOR DAMAGES

106.  Plaintiffs seek survival damages, including damages for DECEDENT's pre-death pain and suffering, in their individual capacity and as successors-in-interest to DECEDENT. Plaintiffs also seek attorney fees under this claim pursuant to Civ. Code, § 52.1(h), including a multiplier.

FIRST AMENDED COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against the CITY OF LOS ANGELES, NATHANIEL MURAD, LOGAN DUNLOP, CHRISTIAN CASTRO CARRERA, ESTEBAN COLUNGA, JOSE PINEDA, OFFICER SANDOVAL, ALEJANDRO GARCIA, ERNEST GWINN, CARLOS MENDOZA, and DOE 10, inclusive, as follows:

A. For compensatory damages, which include survival damages (including pre-death pain and suffering) and wrongful death damages, in the amount to be proven at trial;

B. For interest;

C. For other general damages in an amount according the proof at trial;

D. For other non-economic damages in an amount according the proof at trial;

E. For other special damages in an amount according to proof at trial;

F. For reasonable costs of this suit;

G. For attorney's fees and costs pursuant to California Civil Code, Section 52.1(h) (The Bane Act);

H. For punitive damages;

I. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: June 15, 2026                LAW OFFICES OF DALE K. GALIPO

*s/ Dale K. Galipo*
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs*

-24-

FIRST AMENDED COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.


DATED: June 15, 2026                LAW OFFICES OF DALE K. GALIPO


                                                   *s/ Dale K. Galipo*
                                                   Dale K. Galipo
                                                   Renee V. Masongsong
                                                   *Attorneys for Plaintiffs*

-25-